IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:07-1149-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Timothy Wayne Eddington, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief filed pursuant to 28 U.S.C.

§ 2255. The Government has responded in opposition, and Defendant has replied. For the reasons

set forth below, the Government's motion for summary judgment is **granted** and this motion is

dismissed with prejudice. Defendant's motions for an evidentiary hearing (ECF Nos. 310 and 362),

for discovery (ECF No. 311) and for appointment of counsel (ECF Nos. 309 and 365) are **denied**.

## I. BACKGROUND

In the late evening hours of August 22, 2007, police received a tip that Defendant, who was

wanted on several outstanding warrants, was staying in an abandoned house in Fort Mill, South

Carolina. Law enforcement personnel assembled a team of officers and raided the dwelling in the

early morning hours of August 23, 2007, where they found and detained Defendant and three other

individuals.

During a protective sweep of the house, police discovered several homemade pipe bombs and

materials used to fabricate pipe bombs. Defendant and the other detainees were thereafter taken to

the sheriff's department, where they were questioned separately by authorities. At approximately

5:00 a.m. on August 23, Defendant was advised of and waived in writing his *Miranda*[1] rights. When questioned about the pipe bombs by Captain Jerry Hoffman (Hoffman), Defendant indicated he was not feeling well, and would like to postpone the interview and be taken to the detention center.

At no point during the first interview did Defendant request a lawyer. However, Defendant did request that Hoffman retrieve him later in the day from the detention center to continue the interview. Hoffman agreed, and Defendant was taken and booked into the detention center on outstanding warrants for the charges on which he had been arrested, namely, breach of the peace.

At approximately Noon on August 23, 2007, Defendant was served with three (3) additional warrants for arrest: criminal conspiracy, burglary, and possession, manufacturing, or transport of a destructive device. Later that afternoon, Hoffman and ATF Special Agent Dave Ford (Ford) went to the detention center to continue Defendant's interview. Defendant was again advised of and waived in writing his *Miranda* rights. Defendant was interviewed for approximately an hour and a half. At no time during this second interview did Defendant request a lawyer.

On September 19, 2007, Defendant was indicted for his role in a conspiracy to commit bank robbery, a violation of 18 U.S.C. §§ 371 and 2113(a) (Count 1); carrying an explosive (gun powder) during the commission of a felony, in violation of 18 U.S.C. § 844(h)(2) (Count 2); possession of unregistered destructive devices (pipe bombs), in violation of 26 U.S.C. § 5861(d) (Count 3); possession of firearms (pipe bombs) in furtherance of and in relation to a crime of violence (Count 4); and possession of destructive devices (pipe bombs), in violation of 18 U.S.C. § 922(c)(1)(A) (Count 5).

In January 2008, Defendant exercised his right to trial by jury. During trial, Defendant

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

elected to testify, and admitted his guilt to Counts 3 and 5. After a three day trial, Defendant was convicted on all counts. In anticipation of sentencing, a Presentence Report (PSR) was prepared and Defendant's counsel filed objections to the PSR.

On July 31, 2008, Defendant appeared with counsel for sentencing. The court overruled Defendant's objections, denied Defendant's oral motion for a variance sentence, and sentenced Defendant to 600 months' imprisonment.

Defendant filed a timely Notice of Appeal to the Fourth Circuit Court of Appeals. On March 11, 2011, the Fourth Circuit affirmed Defendant's convictions and sentence by unpublished *per curiam* opinion. *See United States v. Eddington*, 416 F. App'x 258 (4th Cir. 2011).

On October 10, 2011, Defendant filed the instant motion.[2] Defendant raises eighteen (18) grounds for relief in his original motion, as well as two additional grounds in his motion to amend (ECF No. 324). All of Defendant's Grounds for Relief are presented under the rubric of ineffective assistance of counsel. Several of Defendant's grounds for relief weave arguments presented in one ground into others, shifting, repackaging, and reasserting arguments in and among the various grounds for relief. To the extent Defendant repeats asserted arguments in subsequent grounds, the court addresses the contention in the first ground in which it is raised.

## II. STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show

---

[2]As Defendant is incarcerated, he benefits from the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266 (1988). Defendant's motion is dated October 10, 2011. The envelope in which it was mailed to the Court is post-marked October 18, 2011. The motion was received by the Clerk of Court for filing on October 20, 2011.

that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

The second prong of the *Strickland* test requires Defendant also establish prejudice. Defendant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Pointing to some "conceivable effect on the outcome of the proceeding" is insufficient to satisfy the required proof of prejudice. *Id*. at 693. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 792 (2011). In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court

accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983). *See also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751). *See also Smith*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

To establish prejudice relating to the actions of appellate counsel, Defendant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal. *See id*. at 285-86.

### III. GROUNDS TO BE SUMMARILY DISMISSED

### A. GROUNDS NINE AND ELEVEN – NO MERIT

Two of Defendant's Grounds for Relief can be dismissed without significant discussion.

Defendant maintains in his Ninth Ground for Relief that counsel was ineffective in failing to challenge the "inconsistencies" in the testimony and statements of his co-defendants, and in failing to have these individuals "impeached for perjury, violating [their] plea[ ] agreement, for not being fully honest with law enforcement[ ]." Memo. in Support of Mot. at 4 (ECF 308-1). As noted by the Government, counsel cross-examined these witnesses on inconsistencies in their testimony. Further, counsel had no authority to compel the Government to bring charges for alleged perjury committed by co-defendants. Therefore, this ground for relief fails.

Defendant argues in his Eleventh Ground for Relief that counsel was ineffective in failing to challenge a co-defendant's plea agreement, dated January 4, 2008, and the fact that the co-defendant "wasn't interviewed and [did not give] . . . a signed statement until" January 8, 2008. *Id*. at 5. This purported ineffectiveness of counsel is utterly without merit. As noted by James P. Rogers (Rogers), Defendant's trial and appellate counsel, "[t]here is no basis upon which I can object to when a plea agreement was signed. . . . The act of [challenging the co-defendant] signing his statement after the plea agreement would not have been of any further benefit to the [Defendant]." Aff. of James P. Rogers (hereinafter "Rogers Aff.") at ¶ 11 (ECF No. 334-1). The undersigned agrees. Accordingly, there is no merit to Defendant's argument, and this ground fails.

For these reasons, the Government is entitled to summary judgment on Defendant's Grounds Nine and Eleven, and these grounds are dismissed with prejudice.

**B. GROUNDS TWELVE, THIRTEEN, FIFTEEN AND EIGHTEEN – PRESENTED ON APPEAL**

Significant overlap exists between several of Defendant's grounds for relief and arguments presented in his direct appeal. Defendant contends in Ground Twelve that counsel was ineffective in failing to "argue effectively" that Defendant's Due Process and Sixth Amendment rights were

violated when the prosecutor asserted in the Government's closing argument that Defendant could have called a co-defendant's girlfriend as a witness, allegedly improperly shifting the burden of persuasion. Defendant argues in Ground Thirteen that counsel was ineffective in failing to "argue effectively" that Defendant should have been granted a mistrial after a cooperating co-defendant testified that money used during the course of the conspiracy came from "another crime we committed." In Ground Fifteen, Defendant claims that counsel was ineffective in failing to "argue effectively" that law enforcement promised Defendant his "charge would be trespassing and [Defendant] didn't even get a charge for trespassing . . . ." Memo. in Supp. at 40 (ECF No. 308-1). Finally, in Ground Eighteen, Defendant asserts counsel was ineffective in failing to move the court to reconsider denial of Defendant's motion to suppress "based on the evidence adduced later at trial." *Id*. at 45.

The Government contends these grounds were raised on direct appeal and, accordingly, this court's consideration of these grounds is foreclosed.

Issues raised and rejected on direct appeal generally cannot be relitigated in a § 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court"). *See also United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues.").

In the current case, Defendant's Grounds Twelve, Thirteen, Fifteen, and Eighteen fail because the Fourth Circuit Court of Appeals' holding on direct appeal precludes Defendant's ability to

establish prejudice on these claims of ineffective assistance of counsel.[3]   Accordingly, the

Government is entitled to summary judgment on Grounds Twelve, Thirteen, Fifteen, and Eighteen,

and they are dismissed with prejudice.

## IV. REMAINING GROUNDS

### A. GROUNDS ONE, TWO, AND THREE

Defendant asserts in his first three grounds for relief that he was taking "strong pain

medication [known] as Demerol and Loratab" at the time he testified at the suppression hearing held

December 13, 2007, and during trial.  ECF No. 308-1 at 2.  Defendant contends that counsel was

ineffective: in failing to inform the court that Defendant was "under the influence" of these narcotics

(Ground One); when counsel "made the decision [ ] to argue the conspiracy charge, . . . when

[Defendant] was wanting to argue bank fraud[,]" *Id*. at 2, 3; and in permitting Defendant to testify

at the suppression hearing and at trial "knowing that the pain medication[s] could and/or would

[a]ffect the [Defendant's] decision[s]."  *Id*. at 3.

As to Ground Two, Defendant essentially argues defense counsel was able to talk him out

of a defense he wanted to pursue because Defendant was on "high alert pain medication."  ECF No.

308-1 at 10.  However, Defendant was charged with conspiracy to rob a bank, not conspiracy to

commit bank fraud.  If counsel had failed to challenge the Government's case relating to the

conspiracy to commit bank robbery, counsel would have been ineffective.  Moreover, if counsel had

---

[3]In some circumstances, however, asserting an issue raised and decided on direct appeal in a § 2255 motion under the rubric of ineffective assistance of counsel is permissible "because a finding of ineffective assistance could be consistent with [a] holding on direct appeal." *Hestle v. United States*, 426 F. App'x 366, 368 (6th Cir. 2011).  For example, if an issue raised on direct appeal is analytically different from an issue raised on collateral review, the exhaustion of the claim on direct review would not preclude the assertion of the claim under the rubric of ineffective assistance of counsel in a § 2255 motion.  Such is not the circumstance in the current case.

presented evidence (as Defendant contends he wanted counsel to do) of involvement in an alleged conspiracy to commit bank fraud, Defendant would have been admitting guilt to a totally different federal felony offense. Accordingly, Defendant's Second Ground for Relief is without merit and the Government is entitled to summary judgment.

Defendant's First and Third Grounds for Relief contend that he was under the influence of narcotic painkillers at the time he testified at the suppression hearing (December 13, 2007) and during trial, that counsel was knew Defendant was taking these painkillers, and that counsel was ineffective in allowing Defendant to testify while "under the influence."

The evidence presented by Defendant does not support his contention that he was on "high alert pain medication[s]" at the time of the suppression hearing. ECF No. 308-1 at 10. The medical records proffered by Defendant show that Defendant was not prescribed the listed medications until at least January 2, 2008, well *after* the suppression hearing. *See* Gov't Resp. in Opp. at 9 (ECF No. 334). Accordingly, Defendant's contention as to any testimony given at the suppression hearing is without merit.

Defendant's contentions regarding his trial testimony fail for several reasons. First, defense counsel attests that while he (Rogers) was aware Defendant was taking medication, "based on my observations of, and interactions with, the [Defendant], I was of the opinion that the medications did not affect the [Defendant's] ability to perceive and understand what was occurring." Rogers Aff. at ¶ 1. Defendant provides no objective evidence to the contrary. Second, Defendant's demeanor and testimony at trial was substantially similar to that at the suppression hearing. The undersigned presided over both and did not notice any difference in Defendant's ability to comprehend and fully address questions put to him by his own attorney and by Government counsel. Finally, this court

carefully reviewed with Defendant his decision to testify at trial. The Fourth Circuit found as much when it noted in its decision that "the district court conducted a thorough colloquy with [Defendant] before he decided to testify at his own trial." *Eddington*, 416 F. App'x at 261 n.1.

For all the above-noted reasons, Defendant has failed to establish that counsel was ineffective related to any of these grounds for relief. Therefore, the Government is entitled to summary judgment on Grounds One, Two, and Three, and these Grounds are dismissed with prejudice.

## B. GROUND FOUR – FAILURE TO PROCURE PLEA AGREEMENT

Defendant asserts in his Fourth Ground for Relief that counsel was ineffective "when he didn't try to work and/or get [Defendant] a plea [agreement], as [Defendant] requested him to do many times . . . ." ECF No. 308-1 at 3.

A defendant has no constitutional right to a plea bargain. *See Missouri v. Frye*, 566 U.S. __, 132 S. Ct. 1399, 1410 (2012); *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Rogers avers that "the [G]overnment never made any offer for the [Defendant] to plead. The [G]overnment was adamant that no deal would be offered. The [Defendant] asked me to see if I could get an offer and I told him that the [G]overnment had repeatedly indicated that there would be no offer." Rogers Aff. at ¶ 4. Absent any plea bargain offered by the Government, Defendant could have pleaded guilty as charged. However, this would have resulted in the same convictions and sentence which Defendant is now serving.[4]

For these reasons, counsel was not ineffective relating to this issue, the Government is

_____

[4]Contrary to the position taken in this ground for relief, Defendant indicates in his affidavit that "I submit I am actually innocent of the charges against me. I told this to my attorney, but he did not investigate a defense of innocence or discuss such a defense with me prior to my suppression hearing." Aff. of Timothy Eddington at ¶ 3A (ECF No. 324-4, filed Nov. 7, 2011).

entitled to summary judgment on Defendant's Fourth Ground for Relief, and it is dismissed with prejudice.

### C. GROUND FIVE – APPEAL

Defendant contends in Ground Five that counsel was ineffective during the appellate process when "he denied and refused to let [Defendant] participate in his own appeal process." ECF No. 308-1 at 21. The Government argues in opposition counsel was not ineffective and that Defendant cannot establish prejudice, as none of the grounds Defendant sought to raise in his *pro se* appellate brief would have changed the outcome of the appeal.

As noted above, "'[w]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. at 536. Defendant makes no showing that the arguments presented by counsel were somehow weaker than those that Defendant sought to include in the appellate brief.

In response to Defendant's contention, the Government lists and discusses the issues Defendant sought to assert in his *pro se* appellate brief which was submitted to the Court of Appeals. *See* Resp. in Opp. at 19-20 (ECF No. 334). As noted by the Government, none of the arguments Defendant sought to raise would have resulted in a different outcome of the appeal.

Defendant fails to establish prejudice as to this Ground because he makes no showing of a "reasonable probability that, but for his counsel's unreasonable [actions], he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

Accordingly, the Government is entitled to summary judgment on Ground Five and this ground is dismissed with prejudice.

**D.    GROUNDS SIX, TEN AND FOURTEEN – FAILURE TO INVESTIGATE, AND INTERVIEW/CALL WITNESSES**

Defendant maintains in his Sixth and Tenth Grounds for Relief that counsel was ineffective in failing to investigate "any and/all [sic] possible line[]s of defense," ECF No. 308-1 at 26, and/or in failing to interview possible witnesses Defendant made known to counsel. *Id*. at 25, 33. Defendant does not specify what "possible lines of defense" he directed counsel to pursue. Defendant takes the conclusory position that had counsel pursued these "possible lines of defense" and called the witnesses Defendant argues should have been called, the outcome of Defendant's trial "could have and would have been different."  Dft's "Motion to Amend," ECF No. 329 at 2.

Rogers attests that the line of defense and witnesses noted by Defendant "pertained to the [Defendant] wanting to pursue a line of defense that put into evidence his commission of Bank Fraud, allegedly in an undercover capacity."  Rogers Aff. at ¶ 6.

In response, Defendant reiterates his position that counsel was ineffective in failing to "try and develop[ ] a line of defense that [Defendant] and co-defendants didn't agree to rob any bank . . . ."  Mot. to Deny at 19 (ECF No. 347).

To the extent Defendant's assertion goes to the presentment of a defense relating to the commission of bank fraud, as noted above, Defendant's hope of avoiding a conviction of the offense with which he was charged by presenting evidence and argument of the commission of a separate federal felony offense was not in his best interest.  Accordingly, counsel was not ineffective in not pursuing this line of defense or interviewing or calling witnesses to support a potentially fatal line of defense.

To the extent Defendant's argument is that counsel failed to pursue a defense of Defendant

not having joined the conspiracy to rob a bank, Defendant offers conclusory accusations that counsel was ineffective regarding a purported failure to more fully challenge the evidence of a conspiracy. However, conclusory accusations without more do not warrant an evidentiary hearing or offer an escape from summary judgment. Morever, the record established that Defendant and his co-conspirators "engaged in considerable planning, purchased supplies, and assembled two pipe bombs [in furtherance of the conspiracy]. The fact that the conspirators may have had doubts about the likely success (or even the advisability) of the plan, or had not completed all of the preparations, does not call into question the sufficiency of the evidence [of a bank robbery conspiracy]." *Eddington*, 416 F. App'x at 263.

Defendant also argues in these Grounds that counsel was ineffective in failing to call witnesses, including witnesses to impeach the testimony of the cooperating co-defendants based on statements given to law enforcement "just week[]s before" regarding Defendant "threatening and [forcing the co-defendants] to commit[] crime[]s" several weeks before the parties entered into a conspiracy to rob the bank. ECF No. 308-1 at 33. To the extent these witnesses and testimony go to the issue of undermining the credibility of the testimony of the cooperating co-defendants, Rogers attests that he does not remember Defendant "mentioning anything about these statements. If he did, I would not have wanted to introduce such testimony as its prejudicial effect would have substantially outweighed any probative value such testimony may have had." Rogers Aff. at ¶ 10. In response, Defendant argues that counsel's "decision not to present viable defense theory" was ineffective. Mot. to Deny at 27.

Defendant's unsupported argument regarding these witnesses, a possible line of defense, and any supposed effect these witnesses' testimony might have had on the outcome of the case fails to

13

provide any basis for a finding of ineffectiveness.

In these Grounds and in Ground Fourteen, Defendant also contends counsel should have called Christy Barnes (Barnes), his son's girlfriend, to testify that she did not agree to let the conspirators use her car on the day of the aborted robbery. In support of his position, Defendant presents the affidavits of several friends and family members who aver that Rogers never contacted them to get Barnes' telephone number or address. Defendant argues that her testimony would have "impeach[ed]" the testimony of the cooperating co-defendants, who he consistently argues committed perjury when they testified. ECF No. 308-1 at 37.

Initially, the court notes that Defendant fails to provide any admissible evidence regarding what Barnes' testimony would or would not have been. Additionally, none of the proffered affidavits indicate that the attesting individual could provide the telephone number or other contact information of Barnes. *See*, *e.g.*, Aff. of Justin Johnson (ECF No. 347-6 at 2 ("I [ ] swear that [Rogers] never attempted to get the phone number or address for 'Christy Barnes,' my friend Steven Eddington's girlfriend so that she could testify on his behalf.").

Defendant fails to establish counsel was ineffective in relation to these Grounds, and the Government is entitled to summary judgment as to Grounds Six, Ten, and Fourteen. These Grounds are dismissed with prejudice.

### E. GROUND SEVEN – CROSS EXAMINATION OF EXPERT

Defendant claims in Ground Seven that counsel was ineffective in "failing to cross-examine key government witnesses." ECF No. 308-1 at 29. Defendant maintains that he requested that counsel cross-examine the Government explosives expert witness about the difference between pipe bombs and smoke bombs. Defendant argues that Rogers "stated that it wouldn't do any good and

it may harm my case worse than help it." *Id* at 30.

Rogers attests that because the "theory of the defense was that the [Defendant] never intended to carry out the plan of exploding the bombs as a diversion for the bank robbery, I made the tactical decision not to cross-examine the expert [witness] because I thought that line of questioning would weaken the defense theory." Rogers Aff. at ¶ 7. Defendant argues in response that counsel "never made any line[ ] of defense on behalf of [Defendant] about the explosive," ECF No. 347 at 22, and accordingly there is no way to know "what [effect] the questioning could have had on the jury or the outcome of [Defendant's] trial." *Id*.

As noted above, a reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). *See also Strickland*, 466 U.S. at 689 (counsel must have "wide latitude . . . in making tactical decisions."). Defendant fails to meet his burden of showing how counsel was ineffective in pursuing the above tactical decision. Accordingly, Defendant has failed to show counsel was ineffective on his Seventh Ground for Relief, the Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

### F. GROUND EIGHT – HEARSAY TESTIMONY

Defendant's Eighth Ground for Relief contends counsel was ineffective in failing to object to hearsay testimony elicited from co-defendant William Puckett (Puckett). Puckett testified on direct examination that Steven Eddington, a co-conspirator, "said that his girlfriend said we could use [her] car" on the day the robbery was to take place.[5] Trial Tr. at 95 (ECF No. 223). Defendant

---

[5]Defendant complains that counsel failed to object to the same testimony by co-defendant Edgar Williams (Williams). However, Williams did not testify to this statement.

offers no evidence of any prejudice based on the introduction of this evidence, speculating that "if it wasn't for [counsel] being ineffective . . . the outcome of [Defendant's] trial would have been different . . . ."  ECF 347 at 23.

Counsel admits he failed to object to this hearsay testimony.  *See* Rogers Aff.  at  ¶ 8.  The Government argues that this Ground should be summarily dismissed because "[a]ny hearsay objection would have been overrruled due to the co-conspirator statement in furtherance of a conspiracy exception to the hearsay rule."  Gov't Resp. in Opp. at 26 (ECF No. 334).

The court need not reach the issue of admissibility of the statement.  Even though this hearsay statement was not objected to by counsel, Defendant fails to show how the introduction of this statement prejudiced him.  As noted above, the evidence apart from this statement established that Defendant and his co-conspirators "engaged in considerable planning, purchased supplies, and assembled two pipe bombs [in furtherance of the conspiracy]."  *Eddington*, 416 F. App'x at 263. For these reasons, even if counsel should have objected to the introduction of this testimony, Defendant fails to establish any prejudice resulted from its introduction.   Accordingly, the Government is entitled to summary judgment on this Ground and it is dismissed with prejudice.

### G. GROUND SIXTEEN

Defendant's Sixteenth Ground for Relief is that counsel was ineffective "when he failed to inform [Defendant] that if he went to trial and was convicted that the lest [sic] that [Defendant] would get is a mandatory minimum of 43 years in prison."  ECF No. 308-1 at 43.

The Government argues Defendant was aware of the statutory penalties in his case, having been advised at the time of arraignment of the applicable penalties should he be convicted.  Rogers attests that "[a]s with all my clients, I do the guideline calculations and inform them of the range of

16

time they are facing.  I did that in this case and I also informed [Defendant] of the mandatory minimums."  Rogers Aff. at ¶ 16.

Defendant offers no response to the Government's argument or Rogers' averments. Accordingly, the Government is entitled to summary judgment and Defendant's Ground Sixteen is dismissed with prejudice.

### H.  Ground Seventeen

Defendant argues in Ground Seventeen that counsel was ineffective in failing to "challenge the prosecution about all four defendant[s] stating that they were on drugs at the time of arrest." ECF No. 308-1 at 6.  Defendant contends that because he was "on drugs" at the time of his arrest, he should not have been "put[ ] in a position [by law enforcement officers] to make any 'critical' decision as to making any statements at that time."  *Id*. at 44.

In response to the Government's opposition to this Ground, Defendant argues that Rogers was ineffective in failing to interview or call his co-defendants to testify at the suppression hearing "about being on drug[ ]s at the time of arrest, . . . or make the court aware of the medication[]s that [Defendant] just ingested hour[]s before Mr. Roger[]s put [Defendant] on the stand" at the suppression hearing.  Mot. to Deny at 31 (ECF No. 347).

To the extent this Ground is a reassertion of the claims presented in Defendant's first three Grounds for Relief, it is rejected for the reasons previously discussed.  To the extent Defendant contends Rogers should have compelled his co-defendants to testify at the suppression hearing held December 13, 2007, this contention fails.  Rogers could not compel these co-defendants to testify

at a hearing due to their Fifth Amendment right to remain silent in the face of charges against them.[6]

At the suppression hearing held December 13, 2007, Hoffman testified that on the morning of Defendant's arrest, Defendant "seemed to understand fine" his *Miranda* rights and the questions put to him; that he was "alert," "didn't appear to be under the influence of drugs or alcohol," and "his speech was coherent." Tr. of Suppression Hrg. (Excerpt of Testimony of Jerry Hoffman) at 15 (ECF No. 112). Additionally, when questioned by counsel during the suppression hearing whether he was "feeling the effects of those three drugs [that he had been taking prior to his arrest] when you were being interviewed by these officers [after his arrest on August 23, 2007]?", Defendant responded "[s]omewhat." Tr. of Suppression Hrg. at 32 (ECF No. 124).

Defendant fails to establish that counsel was ineffective relating to this Ground. Accordingly, the Government is entitled to summary judgment, and Ground Seventeen is dismissed with prejudice.

## I. GROUND NINETEEN – CONTAINED IN MOTION TO AMEND

Defendant alleges in Ground Nineteen that counsel was ineffective in failing to investigate and request documents relating to the appointment of counsel by state authorities after Defendant's initial arrest. Defendant argues that he requested and was appointed counsel "before giving or signing any statement" to law enforcement on August 23, 2007. ECF No. 324 at 2. Defendant presents an affidavit in support of his motion, attesting that he told Rogers that he had requested and had been appointed a public defender on August 23, 2007, *prior to* giving a statement to law enforcement that afternoon (the second interview), and that he also informed law enforcement

---

[6]In seeking to establish the viability of this Ground, Defendant alters the position taken throughout this motion that the cooperating co-defendants' testimony was not to be believed and that these individuals are liars and committed perjury when they testified at trial.

personnel of the same when they came to interview him in the afternoon (the second interview). *See* Aff. of Timothy Eddington at 1, 2 (ECF No. 324-4).

In response, the Government argues that Defendant initiated the contact with law enforcement officials in the afternoon after his arrest, never asserted his right to counsel, and signed a written waiver of rights in both the morning and afternoon before he spoke with law enforcement personnel. Additionally, the Government submits evidence that the magistrate before whom Defendant appeared for an initial appearance was the "night" magistrate, who was not working during "regular" business hours on August 23, 2007, because he was at his daytime place of employment. Finally, in response to questions about the alleged promises made by law enforcement regarding trespassing charges, Defendant testified to the following:

> Q: Now, when they came the second time, had you been served with the warrants for burglary, criminal conspiracy, and the other thing?
>
> A. Yes, sir.
>
> Q. Okay. So, what if anything did you think about -- after you had been served with those warrants, what if anything did you think about the promise that you had been made about trespassing?
>
> A. I thought they was going to get dropped.
>
> Q. Even though you had been served with those warrants?
>
> A. Yes. Because I have had them dropped before.
>
> Q. I'm sorry?
>
> A. I have had warrants dropped before.
>
> Q. Okay. And so it was because of that -- well, why did you then sign the advice of rights and you then agree to give a statement?
>
> A. Because I told him I would, you know. And I thought that was what we was going

to do, he was going to let my boy and them go, drop the warrants, and give us trespass.

Q. Would you have waived your rights and given a statement on either occasion had that not been said to you –

A. No, sir.

Q. -- about the trespass?

A. No, sir, I would have asked for an attorney.

Q. I'm sorry?

A. I would have asked for an attorney.

MR. ROGERS: I think that's all I have.

THE COURT: I think it needs to be clear that he is saying he would have asked for an attorney, not that he did ask for an attorney.

THE WITNESS: I would have.

THE COURT: Yes, okay.

Tr. of Suppression Hrg. at 13-14 (ECF No. 124).

Defendant presents no additional argument or evidence in response to the Government's opposition.

The record establishes that Defendant's contention is without merit and counsel was not ineffective as alleged in this Ground. Accordingly, the Government is entitled to summary judgment on Ground Nineteen, and it is dismissed with prejudice.

### J. GROUND TWENTY – CONTAINED IN MOTION TO AMEND

Defendant's final ground for relief maintains that counsel was ineffective in challenging "inconsistencies" in the testimony of Detective Jerry Hoffman and ATF Special Agent David Ford

and thereafter in failing to move the court to reconsider its ruling on the motion to suppress. Defendant contends that he told Rogers that he (Defendant) had asked Hoffman for an attorney "after we had talked for a few minutes that morning and then told him to take me on over to the jail . . . ." ECF No. 324 at 6.

This allegation is belied by Defendant's testimony at the suppression hearing, quoted above. Therefore, the Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

## V. Conclusion

Defendant's motions for an evidentiary hearing (ECF Nos. 310 and 362), for discovery (ECF No. 311) and for appointment of counsel (ECF Nos. 309 and 365) are **denied**. The Government's motion for summary judgment is **granted** in its entirety and the motion for relief is dismissed with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability

has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 5, 2012